# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

September 21, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**In Re: C.W.**

**No. 15-0218** (Mercer County 13-JA-122)


## MEMORANDUM DECISION

Petitioner Father B.W., by counsel Timothy P. Lupardus, appeals the Circuit Court of Mercer County's February 11, 2015, order terminating his parental rights to C.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that he feloniously assaulted the child and that the DHHR was not required to make reasonable efforts to preserve the family.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, the DHHR filed an abuse and neglect petition that alleged the parents previously had their parental rights to older children involuntarily terminated due to substance abuse. The petition also alleged that the child, C.W., exhibited signs of drug addiction following his birth. The petition was amended shortly thereafter to allege that petitioner failed to provide for the child's financial and emotional needs by engaging in criminal activity resulting in his incarceration during the mother's pregnancy with the child and continuing through the time of birth. In April of 2014, petitioner stipulated that he had a history of substance abuse that led to a prior involuntary termination of his parental rights to older children and that he neglected C.W. by becoming incarcerated and making himself unavailable to care for the child until weeks after the birth. The circuit court subsequently granted petitioner's request for a post-adjudicatory improvement period. As a condition of the improvement period, petitioner was not to be left alone with the child because of concerns regarding his anger management.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In August of 2014, the DHHR filed a supplemental petition against the parents after the child was brought to the hospital with injuries consistent with shaken baby syndrome. The child had three broken ribs and both old and new brain bleeds with detached retinal hemorrhaging behind both eyes. According to the supplemental petition, the mother had been granted an extended trial home visit with the child because of her progress, but was told that petitioner was not to have any unsupervised time with the child. According to petitioner, the child hit his head on a board two weeks prior when petitioner was playing with him by throwing the child onto the couch. As for the morning of the child's hospital admittance, petitioner said the child was in bed with him, began crying, and then stopped breathing. Petitioner said he shook the child to try to get him to breathe.

The circuit court held an adjudicatory hearing on the supplemental petition in November of 2014, during which medical testimony set forth the extent of the child's injuries and established that they were the result of severe non-accidental trauma on two separate occasions. The circuit court then adjudicated petitioner as an abusing parent due to the severity of the child's injuries and the fact that petitioner had sole care of the child during each of the incidents. The circuit court also found that the mother provided petitioner unrestricted access to the child and left petitioner to provide childcare while she worked. Further, the circuit court found that petitioner feloniously assaulted the child. Because of the finding of felonious assault and the prior involuntary termination of petitioner's parental rights, the circuit court found that the child was subjected to aggravated circumstances and that the DHHR was not required to make reasonable efforts to preserve the family. Thereafter, in January of 2015, the circuit court held a dispositional hearing and ultimately terminated petitioner's parental rights to the child. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings regarding aggravated circumstances in this case. Both of petitioner's assignments of error relate to the circuit court's finding that the DHHR was relieved of its duty to provide reasonable efforts to preserve the family below. However, the Court finds

that, even if it was error to find petitioner feloniously assaulted the child, petitioner is still entitled to no relief.

First, petitioner argues that he admitted to shaking the child in an effort to revive him the morning the child was admitted to the hospital, and further, that no evidence established that he committed any act of aggression toward the child. Simply put, this argument does not entitle petitioner to relief. Petitioner admits that the evidence below established that he used an unreasonable amount of force in shaking the child, regardless of whether he shook him out of concern for the child's wellbeing or with felonious intent. Further, petitioner admits that he had sole custody of the child on both occasions the child was injured. As such, and when considering the severity of the child's injuries, petitioner's conduct, as admitted, constitutes abuse and/or neglect to the child regardless of whether his conduct constitutes felonious assault. According to West Virginia Code § 49-1-3(1)(A), "'[a]bused child' means a child whose health or welfare is harmed or threatened by . . . [a] parent, guardian or custodian who knowingly or intentionally inflicts . . . physical injury . . . upon the child or another child in the home." Based upon this definition, petitioner's admission to injuring the child, and the expert medical testimony concerning the child's injuries, it is clear that petitioner abused the child.

Finally, petitioner admitted that he previously had his parental rights to older children involuntarily terminated. While petitioner argues that the circuit court erred in finding that the DHHR was not required to make reasonable efforts to preserve the family, West Virginia Code § 49-6-5(a)(7)(C) plainly states that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parental rights of the parent to another child have been terminated involuntarily . . . ." As such, the circuit court clearly did not err in finding that the DHHR was absolved of this duty below, based upon petitioner's admitted prior involuntary termination of parental rights to older children. Accordingly, we find no error in either of the circuit court's findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 11, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II